EDWARD F. ADAMS, Plaintiff in Error, *v.* OTHO BISHOP *et al.*, Defendants in Error.

ERROR TO ADAMS.

In taking acknowledgments of deeds under the eleventh section of the act of 1827, the officers authorized so to do under the act of 1829, must follow the form of the first named act. The officer cannot adopt the form of the State in which he acts, unless he is authorized by such State to take acknowledgments.
Where a party rests on the law of another State, a compliance, in all essential particulars, must be shown with that law; if on the law of this State, a like compliance with its provisions. He cannot combine the laws of two States in aid of an acknowledgment manifestly defective when tested by either.

THIS was an action of ejectment brought to the March term, A. D. 1857, of the Adams Circuit Court, by plaintiff in error against the defendants in error, to recover the S. W. 32, Township 2 S., 8 W., in Adams county aforesaid.

The declaration was in the usual form. Plea not guilty.

On the 19th November, 1857, at October term, 1857, of said court, the cause was tried by consent, without a jury, before SIBLEY, Judge, and the court found the issue for defendants in error, and rendered a judgment against plaintiff in error, for costs, whereupon, at time of said trial, plaintiff took a bill of exceptions,

Adams *v*. Bishop et al.

which shows that on trial plaintiff in error proved that the land in controversy was, on 7th January, 1818, patented by the United States to Adam Storm, that Adam Storm on 30th March, 1821, by deed in due form, conveyed said premises to Levi James. Plaintiff in error, further to maintain the issue on his part, offered to read in evidence a deed duly sealed and signed by said Levi James, in due form, dated 23rd September, 1827, from Levi James and wife to Charles Whipple, conveying the premises in controversy to said Whipple, and also the following certificate indorsed on said deed:

THE STATE OF OHIO, } ss.
CITY OF CINCINNATI., Before me, Mayor of said city, personally came Levi James, and Rachel, his wife, the grantors in the within deed named, and acknowledged the same to be their voluntary act and deed, for the uses and purposes therein mentioned; and the said Rachel being examined separate and apart from her said husband, and the contents of the said deed being made known to, and explained to her, declares that she signed, sealed and delivered the same, voluntarily and without any fear or coercion of her said husband.

[Seal of the City of Cincinnati.] *In Testimony Whereof,* I have hereunto subscribed my name and affixed the seal of said city, this twenty-fourth day of September, eighteen hundred and twenty-seven.

ISAAC G. BURNET, *Mayor*

It further appeared from said deed that it was " sealed and delivered in presence of Jos. Junius James and Isaac G. Burnet;" and was duly recorded in the State Recorder's office, in the State of Illinois, on 15th April, 1828.

Plaintiff in error also, in connection with said deed, read in evidence from the printed statute books of the State of Ohio, a law of said State, passed February 14, 1805; also a law of said State, passed 25th February, 1820; also a law of said State, passed 11th February, 1805, relating to the execution and acknowledgment of deeds. Plaintiff in error also proposed to deduce title to said premises from Charles Whipple, the grantee in said deed, to himself, by deeds of conveyance in due form.

Defendants in error objected to the introduction of said deed from Levi James to Charles Whipple, in evidence; the court sustained the objection, excluded said deed, and found for defendants in error, and rendered judgment for costs against plaintiff in error.

The errors assigned are: the refusing to permit the deed from James to Whipple to be read in evidence, the finding the issue for defendants in error, and rendering judgment for costs against plaintiff in error.

WILLIAMS, GRIMSHAW & WILLIAMS, for Plaintiff in Error.

BROWNING & BUSHNELL, for Defendants in Error.

BREESE, J. The design of the first section of the act of 1829 (Laws 1829, p. 24), is, manifestly, to indicate officers competent to take the acknowledgment of deeds, in addition to those named in the 9th section of the act of eighteen hundred and twenty-seven (Laws 1827, p. 98). Thus we find in the first section, " any commissioner," judge of a Circuit Court, mayor of a city, notary public, and if executed out of the State, a justice of the peace, accompanied by a proper certificate of his official character. These officers are not named in the 9th section of the act of 1827. In taking acknowledgments, however, these officers must be governed by the 11th section of the act of 1827, as that was in no way altered or affected by the act of 1829, and under which the deed, rejected in this case, must be tested. The eleventh section is as follows :

" No judge, or other officer, shall take the acknowledgment of any person to any deed or instrument of writing as aforesaid, unless the person offering to make such acknowledgment, shall be personally known to him to be the real person who and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness, and the judge, or officer, taking such acknowledgment, shall, in his certificate thereof, state that such person was personally known to him to be the person whose name is subscribed to such deed or writing, as having executed the same, or that he was proved to be such by a credible witness (naming him) ; and on taking proof of any deed or instrument of writing by the testimony of any subscribing witness, the judge or officer shall ascertain that the person who offers to prove the same is a subscribing witness, either from his own knowledge or from the testimony of a credible witness ; and if it shall appear from the testimony of such subscribing witness that the person whose name appears subscribed to such deed or writing, is the real person who executed the same, and that the witness subscribed his name as such, in his presence and at his request, the judge or officer shall grant a certificate, stating that the person testifying as subscribing witness, was personally known to him to be the person whose name appears subscribed to such deed as a witness of the execution thereof, or that he was proved to be such by a credible witness (naming him), and stating the proof made by him ; and where any grantor or person executing such deed or writing and the subscribing witnesses are deceased, or cannot be had, the judge or officer as aforesaid, may take proof of the hand-writing of such deceased party and subscribing witness or witnesses (if any), and the examination of a competent and credible witness, who shall state on oath or affirmation, that he personally knew the person whose hand-writing he is called

Adams *v.* Bishop et al.

to prove, and well knew his signature (stating his means of knowledge), and that he believes the name of such person subscribed to such deed or writing as party or witness (as the case may be), was thereto subscribed by such person, and when the hand-writing of the grantor or person executing such deed or writing, and of one subscribing witness (if any there be), shall have been proved as aforesaid, the judge or officer shall grant a certificate thereof, stating the proof aforesaid." (Laws of 1827, pp. 98, 99, sec. 11.

Comparing the form here given, with the one adopted by the officer authorized by the 1st section of the act of 1829, a very essential difference is perceived,—in fact, a wide departure.

The Mayor certifies thus:

THE STATE OF OHIO, } ss.      Before me, Mayor of said city, personally
   CITY OF CINCINNATI. } ss. came Levi James, and Rachael his wife, the grantors in the within deed named, and acknowledged the same to be their voluntary act and deed, for the uses and purposes therein mentioned; and the said Rachael, being examined separate and apart from her said husband, and the contents of the said deed being made known to and explained to her, declares that she signed, sealed and delivered the same voluntarily, and without any fear or coercion of her said husband.

              In testimony whereof, I have hereunto subscribed my name and
[L. S.]     affixed the seal of said city, this twenty-fourth day of September, eighteen hundred and twenty-seven.
                              ISAAC G. BURNET, *Mayor.*

The slightest scrutiny will detect the wide variance between this form and that given by the 11th section. One of its most essential requirements is wholly disregarded—personal knowledge of the grantor, or his identity proved by a witness, or proof by the subscribing witness, and known or proved to be such witness.

But it is said, the form adopted by the officer is in accordance with the laws of Ohio, although not made by an officer recognized by those laws to take acknowledgments, yet he being competent by our law, (Act of 1829,) by the united power of both, the acknowledgment should be held sufficient.

We think it quite manifest there was no intention, when supplying additional officers to take acknowledgments of deeds, to depart from the form prescribed in the eleventh section—that was to be the guide to all of them. When a party rests on the law of another State, a compliance, in all essential particulars, must be shown with that law; if on the law of this State, a like compliance with its provisions. The laws of both States cannot be invoked in aid of an acknowledgment manifestly defective when tested by either. The deed was properly rejected, and the judgment is affirmed.

                                 *Judgment affirmed.*