WILLIAM H. REYNOLDS *vs.* CHARLES E. RANDALL.

Public Laws R. I. cap. 976, § 1, of April 12, 1872, which appears in Gen. Stat. R. I. as cap. 164, § 4, providing that "In all suits hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession of the same for the period of twenty years, or by prescription, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be proved by evidence distinct from and independent of the use; and that the party against whom the claim is made had had express notice thereof; and these provisions shall apply to public as well as private claims," — is, so far as it applies to easements acquired by adverse user or prescription before its enactment, unconstitutional and void, being in violation of the Fourteenth Amendment of the Constitution of the United States, and of Art. 1, § 10 of the Constitution of Rhode Island.

DEFENDANT'S petition for a new trial.

*Browne & Van Slyck,* for the petitioning defendant.

*Miner & Roelker, contra.* The statute in question simply changes a rule of evidence. It does *not* provide that twenty years adverse possession shall *not* constitute title by prescription, or *not* raise an absolute presumption of a grant; but it simply provides that naked use of an easement shall not by itself alone be evidence of such adverse possession as will raise a presumption of a grant.

But there can be no vested right to have one's controversies determined by existing rules of evidence.

1. Laws changing remedies for the enforcement of rights will be valid, even though the new remedy be less convenient than the old, or less prompt and speedy. *Sturges* v. *Crowninshield,* 4 Wheat. 122, per Marshall, C. J.; *In re Nichols,* 8 R. I. 50; *Mason* v. *Haile,* 12 Wheat. 370; *Bronson* v. *Kinzie,* 1 How. U. S. 311, per Taney, C. J.; *Morse* v. *Goold,* 11 N. Y. 281. And the legislature may even take away a common law remedy altogether without substituting any in its place, if another remains. *Van Rensselaer* v. *Snyder,* 9 Barb. S. C. 302. Also in 13 N. Y. 299; *Guild* v. *Rogers,* 8 Barb. S. C. 502; *Conkey* v. *Hart,* 14 N. Y. 22; *Watson* v. *N. Y. Central R. R. Co.* 47 N. Y. 157; *Woodbury* v. *Grimes,* 1 Col. 100.

2. And laws which change rules of evidence relate to the remedy only. *Rich* v. *Flanders,* 39 N. H. 304, 323; *Southwick* v. *Southwick,* 49 N. Y. 510; *Pratt* v. *Jones,* 25 Vt. 303; *Fales* v. *Wadsworth,* 23 Me. 553; *Commonwealth* v. *Williams,* 6 Gray, 1; *Karney* v. *Paisley,* 13 Iowa, 89; *Hickox* v. *Tallman,* 38 Barb.

S. C. 608; *Gibbs* v. *Gale*, 7 Md. 76; *Delaplaine* v. *Cook*, 7 Wis. 44; *Sturges* v. *Crowninshield*, 4 Wheat. 122; *Curtis* v. *Whitney*, 13 Wall. 68; *Jackson* v. *Lamphire*, 3 Pet. 280; *Ogden* v. *Saunders*, 12 Wheat. 213, 349, per Marshall, C. J.; *Webb* v. *Den*, 17 How. U. S. 576, per Grier, J.; 1 Kent Comment. *419 and cases cited; 4 Kent Comment. 434; Potter's Dwarris on Statutes, 471, 472, 473, 474; Sedgwick Statut. & Constit. Law, 177, 197; Cooley Constit. Limit. 288, 366, *et sq.* So statutes changing rules of presumption so as to make tax deeds *primâ facie* evidence, have been held valid even as to preëxisting deeds. *Forbes* v. *Halsey*, 26 N. Y. 53; *Hand* v. *Ballou*, 12 N. Y. 541; *Delaplaine* v. *Cook*, 7 Wis. 44; *Allen* v. *Armstrong*, 16 Iowa, 508; *Adams* v. *Beale*, 19 Iowa, 61; *Amberg* v. *Rogers*, 9 Mich. 332; *Abbott* v. *Lindenbower*, 42 Mo. 162.

*February* 21, 1880. DURFEE, C. J. This is an action of trespass *quare clausum fregit.* The defendant pleads, by way of justification, a right of way in his wife in the close in which, &c., by twenty years adverse user or enjoyment, and that said supposed trespasses were simply acts committed under and in the exercise of the right, in the removal of obstructions thereto, erected by the plaintiff. The defendant also pleads a right of way in his wife by prescription.

The defendant at the trial submitted testimony to show that his wife was the owner in fee of a lot of land adjoining the gangway which was the *locus in quo* of the alleged trespasses, said lot having been conveyed to her in 1849, and that ever since 1849 she had uninterruptedly, quietly, peaceably, and openly used the gangway as a way for passing and repassing to and from her lot. The acts complained of as trespasses were committed June 30, 1872.

The action was commenced in July, 1872. Previous to the commencement of the action, to wit, April 12, 1872, an act was passed by the General Assembly, the first section [1] of which is as follows, to wit:

" In all suits hereafter brought in which title to any easement in real estate shall be claimed by virtue of adverse possession of the same for the period of twenty years, or by prescription, the

[1] Pub. Laws, cap. 976, § 1, April 12, 1872, incorporated in Gen. Stat. R. I. cap. 164, § 4.

use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be proved by evidence distinct from and independent of the use ; and that the party against whom the claim is made had express notice thereof ; and these provisions shall apply to public as well as private claims."

No evidence was submitted to show that the party against whom the easement was claimed had ever had any express notice of the claim. The plaintiff contended that without proof of such express notice the defendant's pleas in justification could not be maintained under the statute. The defendant contended that the statute, in so far as it applied to easements acquired by adverse user or prescription under the preëxisting law, was unconstitutional and void, and requested the court so to instruct the jury. The court refused to comply with the request, and, on the contrary, did instruct the jury that the statute was constitutional. The defendant reserved an exception. The jury returned a verdict for the plaintiff. The defendant petitions for a new trial for error in the instruction.

We think the instruction was erroneous. Previous to the enactment of the statute no express notice was required, but the existence of a right of way could have been established by simply proving that the way had been used for twenty years uninterruptedly, peaceably, openly, with the knowledge and acquiescence of the owner of the fee, and under a claim of right ; the claim of right, however, being inferable from the use adversely enjoyed, independently of any other proof. We are therefore at liberty to presume, and for our present purposes it is our duty to presume, that the right of way which the defendant had for twenty years been exercising, and in that way claiming, had been completely acquired, so that he would have had no difficulty in establishing it but for the statute and its new requirements. In other words, we may assume that the right had become a vested right, indefeasible by the plaintiff, adding to the value of the estate to which it was appurtenant and alienable with it. Now the question is whether a statute passed after the right had been so acquired, which in effect destroys it by rendering it incapable of proof, is constitutional.

The plaintiff contends that the statute merely changes the

rules of evidence, and that the legislature can do this at pleasure. The cases which he cites in support of this position are cases in which the changes were calculated to facilitate proof, not to render it impossible. Thus statutes making tax deeds *primâ facie* evidence that the land conveyed by them had been legally sold, have been held to be constitutional. Such statutes simply facilitate proof, by changing the *onus probandi*. They do not preclude the party who is unfavorably affected by them from establishing his right. Statutes have been passed, however, which undertook to make the tax deeds conclusive evidence, and these statutes, when brought to the test of judicial decision, have been pronounced unconstitutional and void, their effect being to take away vested rights of property without due process of law. *McCready* v. *Sexton*, 29 Iowa, 356 ; *Abbott* v. *Lindenbower*, 42 Mo. 162 ; Cooley Constit. Limit. 369. The statute under consideration, if it could be regarded as a statute which merely changes a rule of evidence, would be obnoxious to the same objection, for it so changes the rule as to make it impossible to establish a right which, previous to the change, could readily have been established.

The statute, however, does more than merely change a rule of evidence. It prescribes a new thing to be proved as well as a new way to prove it. It virtually extinguishes every easement acquired by adverse user or prescription, unless, by some fortunate occurrence, the owner of the servient estate had express notice, during all the twenty years that the use was under a claim of right. It takes away the right by refusing the remedy, except under an impossible condition ; and it is just as unconsitutional to take away a vested right in that way as to do it in express terms. *Conway* v. *Cable*, 37 Ill. 82, 89; *Davie* v. *Mc Keely*, 5 Nev. 369 ; *Hunt* v. *Hunt*, 37 Me. 333 ; *McLeod* v. *Burroughs*, 9 Ga. 213 ; *Proprietors of the Kennebec Purchase* v. *Laboree*, 2 Me. 275.

Our opinion is that the statute, in so far as it applies to easements acquired previous to its passage, is in violation of the Fourteenth Amendment of the Constitution of the United States, which declares that no State shall " deprive any person of life, liberty, or property without due process of law." We are also of the opinion that it is a violation of the Constitution of the State,

Article, 1, Section 10,[1] though grammatically the provision there seems to apply only in favor of persons accused of crime.  *Ervine's Appeal*, 16 Pa. St. 256 ; *Greene* v. *Briggs*, 1 Curt. 311 ; *Murray's Lessee* v. *Hoboken Land Co.* 18 How. U. S. 272, 276. The statute is therefore *pro tanto* void.

POTTER, J., dissenting.  At the January session, A. D. 1872, the General Assembly passed an act which was reënacted in the General Statutes which took effect in December, 1872, as § 4 of chapter 164.

The action in which the present question arises relates to a claim of a right of way ; and the questions are, *first*, whether the new law alters the rule of proof in such cases, and how far ; and, *second*, if it does, could the legislature alter the rule so as to affect rights acquired by twenty years adverse user before its passage.

*First*. What was the rule of evidence before this act was passed ?

The history of the rule of evidence in regard to acquiring easements by user, furnishes one of the grossest instances of judge-made law in the whole history of judicial legislation and usurpation.

Parliament enacts a law making adverse possession for a certain period evidence of title to real estate, so as to be a good defence in a suit for the possession of real estate.  By a curious sort of reasoning, which passes with many for sound legal logic, the judges say that the greater includes the less, and that, if twenty years' possession can make a good title to real estate, by analogy it ought to make a good title to any right less than the fee.  It is acknowledged that the English statute, like our own, does not cover such a case.

The strength of the argument seems, to persons whose minds are not trained to this sort of logic, to be altogether on the other

---

[1] This section is as follows: " In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury; to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him, to have compulsory process for obtaining them in his favor, to have the assistance of counsel in his defence, and shall be at liberty to speak for himself ; nor shall he be deprived of life, liberty, or property, unless by the judgment of his peers, or the law of the land."

side.    Most people would not suffer another to occupy land for twenty years without payment of rent or some acknowledgment of title ; the owner of a small and valuable city lot would not permit others to use it freely ; but the owner of wood-land, or land of little value, in the country, who should refuse to let a neighbor pass over his land, or go to his well of water, more especially if the way was one necessary to be used by the owner himself, would be denounced as a bad neighbor, and if he is easy and accommodating, he finds, after twenty years, that he has lost the control of it, that his neighbor has stolen it from him, and that the court protects the man who has imposed upon his kindness.

In England and other countries, the fact that they have had, until within a few years, no system of registry of titles, and even now only a partial one, inclined the courts to hold as they did. But there is no sound reason why we should have imported that rule of law into a country where there is a complete registry system, and where grants of easements as well as of land ought to be recorded.

The history of the rule and of the earlier decisions under it, is given in Mr. Angell's treatise on Adverse Enjoyment, &c.

To apply our statute by analogy to easements of way, the user must be adverse ; and it must be, in the beginning, such that the claimant could be sued for a trespass ; and yet where a person travels over land where he has before travelled, to the knowledge of the owner, it would be presumed to be by consent, unless the owner gave notice and forbid it ; in other words, it would be presumed to be by sufferance, and no trespass.    But learned judges have said in such cases, that every setting foot upon the land of another is a trespass, which is equivalent to saying, that twenty years mere user is enough, and that it is to be presumed to be adverse.

And under such directions from the court, a jury never fails to find for the party who claims a way.    Instances to the contrary are almost unknown.

Now to apply our old statute by analogy to a claim of easement, it must be shown that the party claimed it as his own, and that so claiming it, he had been in the uninterrupted, quiet, and peaceable possession of it for twenty years.    He must claim the privilege as his own and not by sufferance.

What then does the new statute do but to provide that the mere user shall not be considered as adverse unless proved so, and that notice must be brought home to the owner ; this latter is nothing more than what was law before ; but the new law says that the notice shall be express ; that is, that a mere user which may be by sufferance shall not, although known to the owner, be evidence that he knows that the claim is adverse to him.

Looking at it in this light, I cannot consider that the new law differs materially from the proper construction of the old law.

Does the new law, at any rate, do anything more than require that the evidence of adverse claim shall be explicit ?

*Second.* If the new law does require the evidence of notice to be more explicit, is it such a change as is beyond the power of the legislature to apply to cases where it is claimed that the twenty years expired before its passage ?

It could not be pretended, even under the old law, that a claim to an easement could be considered adverse when the owner knew nothing about it.

Provided a statute does not impair the obligation. of a contract, there are authorities enough to show that a statute changing remedies, rules of evidence, acts confirmatory of a defective title, &c., may be retroactive and impair vested rights, and yet be valid.

Says Judge Cooley, a high authority : " A right to have one's controversies determined by existing rules of evidence, is not a vested right.    These rules pertain to the remedies which the State provides for its citizens ; and generally, in legal contemplation, they neither enter into and constitute a part of any right, nor can be regarded as of the essence of any right which a party may seek to enforce."    Such rules " could not, therefore, be called retrospective, even though some of the controversies upon which [they] may act were in progress before."    Constit. Limit. *367.

And says Sedgwick, Statut. & Constit. Law, 2d ed. 166 : " It has often, indeed, been said, that statutes can never be made to work retrospectively so as to defeat or destroy a vested right ; but we have already had occasion to question the correctness of this proposition as a general rule. . . . . What is a vested right

of property? Some vested rights are protected by the federal Constitution, others by the general limitations of the law-making power to which I have just referred." There is a difficulty in drawing the precise line. But he affirms, as " a general rule, with the exception of those cases outside of the true limits of the law-making power, of those cases growing out of the restrictions of the federal Constitution," and excepting where a State Constitution contains a positive prohibition, " it is in this country considered competent for the State legislatures to pass laws having a retrospective effect." And see his remarks on the dangers of the judiciary exercising legislative power, pages 154, 155. The State Constitutions exclude the judiciary from any share of the legislative power : " and such a share they will undoubtedly have if they are at liberty to refuse to execute a statute on the ground that it conflicts with their notions of morality or justice. . . . . Who can pretend to fix any limits to the judicial power, if they have the right to annul the operations of the legislature on the ground that they are repugnant to natural right ?"

Acts removing the disqualification of interest and allowing parties to testify, may cause a trial, either as to land or personal property, to result very differently from what it would under the old laws. So with any statute which allows parol evidence where it was not allowed before.

A party holding a tax deed is required to prove, *ab extra*, certain facts. He cannot do it, and so his title is worthless. A statute makes the recitals in those deeds evidence of those facts, and he recovers the land. The practical effect of it is to give a man a title he had not before. See Cooley Constit. Limit. *368.

And a stronger case still : the legislature, having enacted such a law, and a person having purchased in reliance upon it, the legislature may repeal the law, and so practically take his estate from him, unless he can prove the facts independently of the deed.

" As to what shall be evidence and which party shall assume the burden of proof in civil cases, its authority, the legislature's, is practically unrestricted." Cooley Constit. Limit. *368, and see same work, *286, quoting from Judge Taney's opinion in *Bronson* v. *Kinzie*, 1 How. U. S. 316.

A statute declaring that part payment shall not be construed

as an admission of liability, changes the result of a suit, and yet is valid. *Parsons* v. *Carey*, 28 Iowa, 431.

A husband and wife conveyed land by a power of attorney so defectively executed that it did not bar the wife's dower. The power was subsequently validated, and the United States Supreme Court held the act valid, and that her right of dower was gone. Before the act she had a right of dower. The act took it away from her. The court say there is no vested right to do wrong. Claims contrary to justice and equity cannot be regarded as of that character. . . . . The only right taken away is the right dishonestly to repudiate an honest contract." *Randall* v. *Kreiger*, 23 Wall. 137. This reasoning would seem to justify a legislature in doing almost anything, provided it met with the approbation of the United States Supreme Court.

In *Journeay* v. *Gibson*, 56 Pa. St. 57, an officer had executed a deed without authority, and a confirmation of it by the legislature was held valid, notwithstanding there had been a change of property subsequent to the deed.

But the strongest cases are those of acts which validate deeds where the acknowledgment or execution is informal, and more particularly in the case of estates of married women. Formerly a married woman's land could only be conveyed by a fine. Now in most or all the States it can be conveyed by deed of husband and wife, the wife being examined separately, &c., and acknowledging that it is her voluntary act. If she does not do this the deed only passes the husband's right, and is void as to her. The estate still remains vested in her — was never divested.

Now let us see how far the legislatures have gone in divesting the woman's estate, and vesting it in somebody else to whom she had never transferred it.

The case of *Webb* v. *Den*, 17 How. U. S. 576, in 1854, is important because it relates both to confirming a married woman's deed, and changing the rule of evidence. A husband and wife had made a deed in 1807, which the wife had not properly acknowledged, and which was not legally registered. In 1839, the legislature passed an act that when deeds had been registered twenty years they should be presumed to be upon lawful authority, though the registry had not been strictly legal " and no matter what had been the form of the certificate of probate or acknowledgment."

The court says : " It is a wise and just act . . . . and justifies the court in admitting this deed in evidence . . . . some of the grantees have been in possession of it ever since. . . . . It is not a retrospective law . . . . it is prospective, declaring what should thereafter be received in courts as legal evidence of the authenticity of ancient deeds. It makes no exception as to the rights of married women."

Here a deed void in its inception as to the wife's estate and remaining void until 1839, is made good evidence of title against her in a suit at law.

The effect of this act was not indeed to require more evidence than the law required before, but to say that that shall be legal evidence which was not before. And further, as to confirming deeds not properly acknowledged, see *Good* v. *Zercher*, 12 Ohio, 364 ; *Tate'et ux.* v. *Stooltzfoos*, 16 Serg. & R. 35 ; *Logan* v. *Williams*, 76 Ill. 175.

In *Hickox* v. *Tallman*, 38 Barb. S. C. 608, the legislature had passed an act providing that the comptroller's deed of land sold for taxes should be presumptive evidence of the regularity of the proceedings. They afterwards repealed it. The Supreme Court says : " There can be no vested right in a mere rule of evidence." And see the same doctrine laid down by Judge Cooley, Constit. Limit. *367.

In *Chesnut* v. *Shane's Lessee*, 16 Ohio, 599, the court held the deed conveyed the grantor's equitable estate, and would be enforced in equity. Force a woman to acknowledge that she did a thing voluntarily ? We believe the reports furnish no instance of such a thing ever being done. The Supreme Court of the same State had, however, before in *Carr* v. *Williams*, 10 Ohio, 305, denied the right of the court to exercise such a power. See cases there cited.

In Maryland, husband and wife executed a deed, not so executed, however, as to bar dower. The husband died. The General Assembly passed an act confirming the deed, and the court sustained it. *Greene* v. *Todd*, 41 Md. 633, 641.

In *Satterlee* v. *Matthewson*, 2 Pet. 380, 413, the court say, the objection is made that " the effect of this act was to divest rights which were vested by law in Satterlee. There is certainly no part of the Constitution of the United States which applies to

a State law of this description ; nor are we aware of any decision of this or of any Circuit Court which has condemned such a law upon this ground."

But a stronger instance still is found in the act of the State of Connecticut, May, 1820, validating void marriages. The effect of the act in the particular case, *Goshen* v. *Stonington*, 4 Conn. 209, 221, 226, was to change the settlement of paupers, and its effect upon rights of property in other respects can hardly be estimated. The court say : " The retrospection of the act is indisputable, and equally so is its purpose to change the rights of the litigating parties. . . . . The judiciary, to declare the law in question void, must first recognize the principle that every retrospective act, however just and wise, is of no validity : and that for the correction of every deviation of the legislature from absolute right, theirs is the supremacy." The law was held valid because manifestly just.

While a great deal is said about vested rights in land, the question of the operation of retrospective laws on personal property seems to be overlooked. Many of the acts referred to probably affected large amounts of personal property. The United States Legal Tender Act affected millions, and yet it was held to be constitutional, the Supreme Court of the United States reversing a former and contrary decision.

Our legislature possesses full legislative power. There is no restriction on the passage of retrospective laws, and it looks very much as if it had been intentionally omitted. Such a law is not forbidden either by the Constitution of the United States or by that of the State. Its only effect is to require that the notice to the owner shall be explicitly proved in order to constitute the possession adverse. Assuming, as other judges do, the right to criticise acts of the legislature, this seems to me manifestly just, and therefore valid, even in its retrospective operation.

If the act was contrary to the Constitution, the court would be bound so to declare ; but unless unconstitutional I think the court have nothing to do but to enforce it.        *Petition granted.*