FERGUSON *et al.*, Appellants, *vs.* BELL'S ADMINISTRATOR, Respondent.

1. Under sections 36 and 39 of article 3 of the act concerning administration (R. C. 1845,) a county or probate court has jurisdiction to order an executor or administrator to execute a deed confirmatory of one executed by his testator or intestate during minority, upon proof that such testator or intestate, after arriving at full age, verbally ratified the same.

2. Where an infant executed a deed, and after coming of age, expressed satisfaction with her bargain, received part of the consideration money, and spoke of her intention to make a confirmatory deed, but died suddenly without having done so, *it was held*, that this was a sufficient ratification.

*Appeal from St. Louis Circuit Court.*

*John D. Coalter*, for appellants. The reason assigned by the Probate Court for refusing to make the order, is not a valid one. When any court is vested with power to do a particular thing, it has power to do all things necessary to carry out that jurisdiction. That the contract was not affirmed in writing, is the very reason why the jurisdiction of the court is invoked. It is well settled that the deed of an infant is not void, but only voidable. It may be affirmed after arriving at full age by words or acts. *Ward* v. *Steamboat Little Red*, 8 Mo. Rep. 358. *Youse* v. *Norcum*, 12 ib. 563. 2 Kent's Comm. 234. The act giving the Probate Court power to order an administrator to make a deed, is a remedial one, intended to save a party the trouble, delay and expense of a proceeding in chancery to procure a title, and is to be construed liberally to carry out the beneficial purposes intended.

RYLAND, Judge, delivered the opinion of the court.

This was a proceeding begun in the St. Louis Probate Court by Wm. B. Ferguson and Samuel S. Watson, against James Miller, the administrator of Mary L. Bell, deceased, to obtain an order requiring said administrator to make to them a deed for certain real estate situate in the county of St. Louis. The proceeding is founded on the 36th *section of the 3d* article of the law on the subject of administration. R. C. 1845. This section provides that, " if any testator or intestate shall have entered into any contract in writing for the conveyance of any real estate, and shall not have executed the same in his life time, nor given power by will to execute the same, the other party, wishing a specific execution of such contract, may file a petition to the county court, setting forth the facts, and praying that an order may be made that the executor or administra-

tor execute such contract specifically, by executing to him a deed for the same."

Section 39 of same article, provides that, if the court, after hearing the parties, believe that specific execution ought to be made, it shall make an order directing the executor or administrator to execute the contract specifically, saving to infants, married women, &c., five years after their disabilities are removed, to file their bill to set aside such order for fraud or otherwise.

The petition sets out that Miss Mary L. Bell, on the 20th March, 1851, for the consideration of $1,920, made a deed to the petitioners for certain real estate described in said deed and in said petition; and on the same day, made a contract in writing with said parties, setting out that, whereas she was at that time under the age of twenty-one years, she bound herself to make, when she should arrive of full age, which would occur on the 14th of August, 1850, another deed confirmatory of the one that day made.

The petition further sets out that, after she arrived at full age, she ratified and confirmed the contract both by word and act; expressed herself well pleased with it, and spoke of her intention to make the confirmatory deed, but delayed it from time to time, and on the 28th June, 1851, ten months and more after she was of full age, she died suddenly without having executed the confirmatory deed, according to her contract, and prays an order on the administrator to make the said deed.

The answer of Miller, the administrator, admits the facts stated in the petition to be true; states that Mary L. Bell was his sister-in-law, being his wife's sister; that she lived in his house for several years before and up to the time of her death; that he knew the circumstances attending the sale and agreement spoken of in the petition; that he knew that the intestate was well pleased with her sale to Ferguson and Watson, and after she became of age, received a part of the purchase money and expressed her intention of making the confirmatory deed, but died suddenly without having done so.

The testimony of William C. Woodson and Robert G. Lakenan corroborates the petition, and proves the facts stated therein to be true. The former, Woodson, who is a half brother of the intestate, proves that, after she became of full age, she spoke of the contract with Ferguson and Watson, expressed herself well pleased with it, and received part of the purchase money, and spoke of her intention to carry it out, but died suddenly without having made the deed, as far as he knows.

Lakenan, who was no relative, but a near neighbor, and well acquainted with the deceased, has heard her speak of the contract alluded to, and express herself well pleased with it. On one occasion, after becoming of full age, being at his house, and being urged to remain, she said she could not, and assigned as a reason that she had to go to town to execute a deed to Ferguson and Watson. Shortly afterwards she died without having made it, as far as he knows.

On this testimony (there being no other) the court refused to grant the order to the administrator to make the deed, and assigned as a reason, that the contract was made while Miss Bell was a minor, and the law does not vest the court with jurisdiction to take proof that said contract was affirmed after she became of age, unless the same had been affirmed in writing.

1. From the statement here made, the question arises, as to the correctness of the judgment of the Circuit Court in refusing to reverse the judgment of the Probate Court, and thereby order the administrator to execute, specifically, the contract of his intestate by making a deed to the petitioners. The statute gives ample authority on this subject to the Probate Court. It does not limit the contracts of deceased persons, which may be specifically executed, to such as are made by adults only. The contract for the sale of real estate by an infant is as fully as any adult's contract for the sale of real estate, within the terms of the statute; and the Probate Court having this power, by express enactment, has all the necessary authority to hear and try all objections and species of defence which could

be set up by the executors or administrators in a court of chancery, were a bill brought against them for a specific performance of a contract in that court. Indeed this authority was given to the Probate Courts or County Courts, as the case may be, to be liberally used and exercised for the speedy execution of such contracts, without the delay and expense usually attending a proceeding in chancery. There is nothing in the objection that the contract for the deed to the real estate was made by Miss Bell, while she was a minor. She sold the real estate to the petitioners and made them a deed for it, and then executed another instrument in writing, by which she bound herself to make a confirmatory deed to the real estate thus sold and deeded, after she became of age. There was no necessity for any evidence of this confirmatory act, in writing. Any act of Miss Bell, showing her acquiescence in the sale and deed thereon by her after she became of age, would be sufficient—such as receiving a part of the consideration money for the land and expressing herself satisfied with the contract.

2. The sales of real estate by infants are not void. The contracts of infants are now generally considered as voidable only—not void. And the privilege of avoiding such contracts is a personal privilege, conferred by law on the infant himself, and therefore, though the contract or deed of an infant be voidable, yet it is binding on a person of full age. The privilege of avoiding or disaffirming a contract or deed of an infant is now extended to the personal representatives of the infant, his executors or administrators, and to his privies in blood; but not to his assignees or privies in estate only. Bingham on Infancy and Coverture, chap. 3, p. 48. Bacon's Abridg. "Infancy," 6. 9 Mass. Rep. 62. 6 Ala. 544. 8 Met. 196.

It is, therefore, a measure of caution which the petitioners use in this case, in seeking the aid of the County Court or Probate Court, in order to compel the administrator to make this confirmatory deed, offering proof of the ratification or confirmation of the original contract, by Miss Bell, after she became of age, as the foundation for the order in that court. It

is the opinion of this court, then, that the Probate Court of St. Louis county had ample jurisdiction over the whole subject matter of the petition; and that the Probate Court erred in refusing to order the deed to be made by the administrator, upon the proof as preserved by the petitioners on this record; that the Circuit Court also erred in refusing to declare the law as set forth in the petitioner's instructions, and in refusing to reverse the judgment of the Probate Court.

The judgment of the Circuit Court is, therefore, reversed, and this cause is remanded, to be further proceeded with in accordance with this opinion, the other judges concurring.