REBECCA J. YOUNG ET AL. v. JULIA M. WALKER.

1. LIMITATIONS. Bill of review. Dismissal. New suit. Code 1880, §§ 2681, 2686.

Where a bill is filed by a ward, within two years after majority, to review a partition of land in which she was interested, made during minority, and also to surcharge the accounts of her guardian, and at the hearing, because of multifariousness, the bill is dismissed as to the partition without prejudice (relief being given as to the guardian's accounts), this is a dismissal for a "matter of form" within the meaning of § 2686, code 1880, and a new bill to review the partition proceedings may be filed within one year thereafter.

2. ESTOPPEL. Partition. Infant. Receiving proceeds.

Where an infant owns an interest in land, a part of which is allotted to her by partition, and this is sold by her guardian, who, after her majority, accounts for and pays over to her the proceeds of sale, she will be estopped from afterwards questioning the legality of the partition proceedings and claiming an interest in the remainder of the land. Handy v. Noonan, 51 Miss., 166.

3. SUPREME COURT. Motion to vacate decree. Correct result.

Where, on a bill to vacate a decree for partition and recover certain land, a decree in favor of complainant is reversed by the supreme court and the bill dismissed, on the ground that she is estopped by having received the proceeds of sale of part of the land allotted to her, and afterwards,

though it is made to appear that certain receipts, showing payment of such proceeds to her, were improperly in the record, a motion to vacate the decree of reversal will be overruled, if the court is of opinion, from the record, without considering the receipts, that complainant did receive the proceeds of sale, and is not entitled to relief.

From the chancery court of Lauderdale county.

Hon. W. T. Houston, Chancellor.

Appellee, Julia M. Walker, was, prior to 1874, the owner of an undivided one-eighth interest in a tract of land in Lauderdale county, containing 720 acres, which was divided, by partition proceedings in the chancery court of said county, between herself and her brothers' and sisters, the other owners, in 1874, while she was a minor. An undivided one-half interest in that part of the land lying south and west of Oktibbeha creek, containing 157 acres, was allotted to her in the partition. The bill in this case was filed by her, alleging various irregularities and illegal steps in said partition proceedings, and claiming that the same were void. Among other things, the bill alleges that the half-interest in the land south and west of the creek, which was allotted to complainant, was of greatly less value than one-eighth of the whole tract, and the alleged gross inequality of the division was made a ground of attack on said partition proceedings. The brothers and sisters of complainant, and purchasers from them of certain portions of the land, are made parties defendant.

The bill prays that the partition of said land be declared void and set aside, and that complainant's title to a one-eighth interest in all of said land lying north and east of Oktibbeha creek should be ascertained and set apart to her, and that the defendants be held liable for her proportion of the rents, and her interest in the timber cut from the land.

To estop complainant, the defendants, in their answer, set up various facts, which are alluded to in the opinion of the court. They also pleaded the statute of limitations of two years against filing a bill of review.

The record shows that the decree in the partition proceedings was rendered October 10, 1874, and that complainant became twenty-one years old August 17, 1885; that, on August 14, 1886, she filed her bill against appellants and others, seeking to review said partition proceedings, and to set aside a sale made by her guardian of the interest which had been allotted to her in said proceedings, the guardian having sold the same without compliance with the statute as to giving bond. That bill also sought to cancel a tax-title acquired by one Weiss, the purchaser at said guardian sale, and to review, surcharge and falsify the accounts of her said guardian. The interest allotted to complainant was sold by her guardian under a decree of the chancery court, in the year 1878, Weiss, the purchaser, paying the purchase-money, $350, and taking possession of the land under a deed from the guardian. He is not made a party to this suit. In the original case brought by defendant, wherein she filed her bill, as above stated, August 14, 1886, a final decree was rendered January 18, 1889, among other things, reciting as follows: " It is therefore ordered, adjudged and decreed by the court that the bill be, and the same is hereby, dismissed as to said suit and proceedings for partition of said lands, without prejudice, and also as to said petition and proceedings for the sale of said half-interest in said land without prejudice, and that said bill be, and the same is hereby, retained as to so much thereof as seeks to review the guardianship accounts and annual and final settlements of the defendant, Joshua McLemore, guardian of the complainant." And relief was granted as to the accounting.

The bill in the present case was filed November 15, 1889. Numerous issues were raised by the answer of the defendants, and testimony was taken at great length. Among other things, the evidence tended to show that the one-half interest in the land west of Oktibbeha creek, allotted to complainant in 1874, was only equal in value to an undivided one-sixteenth interest in the whole tract.

The chancery court held that the partition proceedings

were void; that complainant was not estopped; that she was not barred, and a decree was entered in her favor for an undivided one-sixteenth interest in the land north and east of the creek. From this decree defendants appeal. The opinion contains a further statement of the case. As the court disposes of the case on the question of estoppel, it is unnecessary to set out the evidence or the argument of counsel in respect to the alleged illegality of the partition proceedings.

Section 2681, code 1880, provides that bills of review shall be filed within two years after the date of the decree, saving to persons under disability the period of two years after the removal of such disability. Section 2686 provides that if in any action, duly commenced within the time allowed, the writ shall be abated or the action defeated for a matter of form, a new action may be commenced at any time within one year after the abatement or determination of such suit.

*Walker & Hall,* for appellants.

1. Complainant's one-eighth interest in the 720 acres of land was set apart to her by the partition in 1874, and was thereafter sold by her guardian. The validity of that sale cannot be successfully questioned, for after twelve months the purchaser had a perfect title. Code 1871, § 2173; Code 1880, § 2693; *Morgan* v. *Hazelhurst Lodge,* 53 Miss., 665; *Hall* v. *Wells,* 54 *Ib.,* 289; *Summers* v. *Brady,* 56 *Ib.,* 10; *Jeffries* v. *Dowdle,* 61 *Ib.,* 504.

Complainant's interest in the land now being vested in Weiss, she has no right to question the partition proceedings as to the remainder of the land. One who is not interested, cannot maintain a bill of review. 2 Am. & Eng. Enc. L., p. 263, § 2, note 6; 1 Tenn. Chan., 173.

2. It devolves on one seeking to vacate a partition, first to restore the *status quo.* Complainant does not even offer to bring into court the money derived by her from the sale of her interest in the land. Accepting the money was a ratification of both the partition suit and the guardian sale.

3. Complainant is barred by § 2681, code 1880, limiting the time in which a bill of review may be filed to two years after the removal of disabilities. The effect of the dismissal of the first bill was only to prevent the decree from being set up as a bar in another suit. *Railroad Co.* v. *Davis*, 62 Miss., 271.

The suit was not dismissed for a matter of form, and therefore the case does not fall within the provisions of § 2686, code 1880. The bill was not dismissed for multifariousness, but was retained as to certain matters, and was merely dismissed without prejudice as to the others.

*Witherspoon & Witherspoon*, for appellee.

1. The bill was not filed within two years after complainant had reached her majority, but the record shows that in less than one year after she became of age she filed a bill to review the decree in the partition suit, which bill was dismissed in 1889, without prejudice, for a matter of form. The matter of form was that she could not litigate the subject-matter of the partition suit with other matters joined in her bill. For this reason only it was dismissed, and the dismissal was without prejudice. If it had been dismissed on the merits, or for any other reason than a matter of form, it would have been dismissed absolutely and not without prejudice.

2. Appellants insist that complainant is estopped to claim an interest in the land east of the creek. This is based on the fact that her guardian, assuming that the partition was valid, and that complainant had a one-half interest in the land west of the creek, sold the same as her property, and charged himself, as guardian, with the proceeds. To this there are two answers. First, it is not shown that the complainant ever received this money from the guardian. This is fatal to the estoppel. The guardian's sale was void. If appellee was suing for her interest in the land west of the creek, she would not be estopped as to that without proof that she had received the purchase-money after she was twenty-one

years old. That this is necessary to work an estoppel, has been·held in many cases. If appellee would not be estopped from asserting title to the land west of the creek, *a fortiori*, she is not estopped from asserting her title to the land east of it. Again, if appellee had received the $350 from her guardian, she would not be estopped to assert title to the land east of the creek. The guardian could not, by selling a greater interest than appellee had west of the creek, estop her from claiming her property east of it.

The question of estoppel can only arise on the theory that the partition decree was valid. If it was valid, appellee has no case. If it was void, she is equitably entitled to a one-sixteenth interest instead of a one-eighth interest. The decree should be affirmed.

Argued orally by *G. Q. Hall*, for appellants.

CAMPBELL, C. J., delivered the opinion of the court.

The bill was filed in time, but the complainant, having received the proceeds of the sale by her guardian of what was set apart to her in the partition suit, must be held estopped afterwards to question that proceeding. Whatever may be said of the partition suit, it resulted in partitioning the 720 acres of land, and assigning as the share of complainant a half-interest in that part of the tract south and west of Oktibbeha creek. This half-interest thus set apart to the complainant, as her share of the whole tract, was sold by her guardian, and the proceeds of the sale accounted for by him, and, since attaining her ·majority, and, as must be assumed, with full knowledge of all the facts, she has held her former guardian accountable for this very money, obtained a decree against him made up in part of this sum, and received satisfaction of it. It is not admissible to treat her as still entitled to a partition of the lands on the other side of the creek. The half-interest set apart for her was for her share of the whole tract, and, having received the money for which that

was sold as hers, she cannot now go for any of the land. She must be held to have ratified the partition, since she claimed and received the fruits of it in the manner stated. *Handy* v. *Noonan*, 51 Miss., 166.

*Decree reversed, and bill dismissed at the costs of the complainant in this and the chancery court.*

Afterwards, *Witherspoon & Witherspoon*, on behalf of appellee, filed a motion, supported by affidavits, to show that certain receipts alleged to have been given by appellee to her guardian, which were embraced in the record, were improperly copied therein; that the said receipts were offered in evidence on the hearing of the case, but, on motion of complainant, were excluded, on the ground that there was no evidence to identify the same or to show their execution. Further, in support of this motion, it was shown that counsel for appellee were not aware, until after a reversal of the decree, that these receipts had been improperly embraced in the record, and a perfected transcript of the record was filed. A brief in support of this motion was filed, but, in view of the opinion, it is not necessary to give this. Counsel for appellee also filed a suggestion of error, discussing the evidence at length, and making the following points:

1. The record does not disclose that complainant claimed or received the proceeds of the sale of the land west of the creek, as stated in the opinion. The court was evidently misled as to this by the assertion of opposing counsel and the form by which the record was made up. The alleged receipts were papers copied in the record without any bill of exceptions, or without being identified in any proper note of evidence. As to this, see 1 How. (Miss.), 333; 3 *Ib.*, 172; 4 *Ib.*, 326; 4 Smed. & M., 431.

It is not true that appellee claimed the $350. On the contrary, she expressly repudiated the whole transaction out of which this sum arose. The sale was attacked as fraudulent and void. Unless the court indulges in presumptions favor-

able to appellants, it does not appear that any part of the $350 was received by appellee.

2. At most, the appellee did not receive any more of the $350 than that portion which represented her interest in the land west of the creek. She had a right to receive that much, and could not be estopped by receiving her own. It is an erroneous application of the doctrine of estoppel to hold that, because she received the value of her own property, she is estopped to claim other property.

The case of *Handy* v. *Noonan*, 51 Miss., 166, cited in the opinion, decides that the receipt by a ward, after majority, of the purchase-money arising from a void guardian's sale is a bar " in the sense and to the extent of working an estoppel in equity against an assertion of the legal title." Under this, if Mrs. Walker had received the $350, she could not now assert the legal title to the land that was sold, because such receipt would be a confirmation of the sale. But to confirm such sale is not to admit that the interest in the land sold was all that she was entitled to receive. The proceedings being void, the case stands as if no partition had been made.

CAMPBELL, C. J., delivered the response of the court.

The motion is denied, not for want of power in the court to protect itself and litigants and do justice in the case made by the motion and affidavits (as to that we have no doubt), but because the conclusion heretofore announced as to the preclusion of Mrs. Walker to disturb the partition of the land after having received the fruits of it, is not so dependent on the receipts alleged to have been improperly put in the transcript as to be avoided if they were left out. An undivided half-interest in the land on the south and west of the creek was set apart as the full share of Julia (now Mrs. Walker), and it was dealt with as hers. Her guardian obtained an order of court, and sold it and got pay for it, and charged himself with the money, and that constitutes a debit in the decree obtained by Mrs. Walker in her proceedings to

surcharge and falsify the guardian's accounts. That decree is against guardian and surety, as we suppose. If it has been satisfied, Mrs. Walker has received the money. If it has not been satisfied, it stands in her favor, and she will not be permitted to pursue the land in this condition of matters.

More than this, the decree rendered in this case, by the chancellor, in favor of Mrs. Walker, recognizes the fact that .she has received the proceeds of the sale of her half-interest in the lands assigned her in the partition proceedings, and, denying her claim as to that, awards her a one-sixteenth interest in lands other than those. It thus appears that the decree rests upon the fact that the half-interest south and west of the creek had been sold as the property of Mrs. Walker, and the proceeds received by her, so as to estop her to claim as to that.

The error of the decree consists in allowing a recovery of part of the other lands, our view being that the half-interest in certain land having been set apart as her share of the whole, and that thus set apart having been sold by her guardian, and the purchase-money having been received by her, in the way stated above, she cannot now be heard to complain of the partition. We regret that any error or mistake should have occurred in making the transcript.for this court, but are satisfied, from all that is presented, that this is a case for the application of the *beneficent* doctrine of estoppel, applied by our decision.

The affidavit of the chancellor, submitted in support of this motion, shows that the receipts for money, which the transcript on which we decided shows were in evidence, were objected to as not proved, and that evidence to prove their genuineness was offered and excluded. It is suggested by this, that the truth of the case is, that, by inadvertence of counsel, notice of a purpose to prove exhibits at the hearing had not been given, and hence the rejection of evidence to prove them. We are morally certain that Mrs. Walker has obtained a decree against her former guardian and his surety

on his bond, and that the purchase-money of her half-interest in the land assigned as her full share in the partition proceedings constituted a debit of her guardian, and formed part of the decree she got surcharging his accounts, and that she has accepted satisfaction of that decree. If this be true, she is estopped to assail the partition. All we would be willing to do, in view of the alleged error in getting up the record and all the circumstances, is to reverse and remand for another trial in the chancery court, and then opportunity would be given to prove the exhibits complained of, and, on such proof, a decree would, according to our view, follow for the defendants, with exactly the result already reached.

*Motion denied.*