## BAGLEY v. SLIGO FURNACE COMPANY, *Appellant.*

### Division Two, February 13, 1894.

**Judgment for Taxes, Setting Aside:** PURCHASER AT EXECUTION SALE. In an action to vacate a judgment for taxes, obtained against plaintiff, on the grounds that he had paid such taxes and the tax book had not been certified as required by Revised Statutes, 1879, section 6723, the purchaser of part of the land sold under the judgment was made a party defendant, and the court found that such purchaser bought the land in good faith, without notice of any of the facts alleged in the petition. *Held*, that such purchaser could not complain of the action of the trial court in setting aside the judgment for taxes, as the title acquired thereunder was not in issue in the case.

*Appeal from Crawford Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*L. B. Woodside* for appellant.

(1) An appeal will lie in this cause from the judgment of the court setting aside the original judgment entered in the cause. Acts, 1891, p. 70. (2) The evidence introduced in this cause did not show any fact which would authorize the judgment to be set aside as to the purchasers of the land, and judgment should have been rendered affirmatively as to such purchasers. *Jones v. Driskill*, 94 Mo. 191; *Schmidt v. Niemeyer*, 100 Mo. 207. (3) The court erred in refusing declarations numbers 1 and 2 asked by Sligo Furnace Company. (4) The court erred in giving declaration number 3 of its own motion. This declaration simply authorizes a

petitioner in such a case to bring into court a purchaser of land, and require him, if judgment is set aside, to stand responsible for the further litigation of plaintiff's claim.   (5) The petitioner, Bagley, having shown no cause for relief against the Sligo Furnace Company, and having elected to bring it into court, judgment should have been given in favor of the company, upon the pleading and evidence introduced.  (6) Courts should not render judgments that would be nugatory where the same clearly appears from the pleadings and the evidence;  and, as the evidence in this case clearly shows that the setting aside of this judgment would amount to nothing, the prayer of the petitioner should have been refused.

*C. D. Jamison* for respondent.

(1) The right on the part of a defendant to open up judgment against him on constructive notice has been repeatedly affirmed.   *Campbell v. Garton*, 29 Mo. 343; *Randolph v. Sloan*, 58 Mo. 155;  *Jones v. Driskill*, 94 Mo. 190;  *Schmidt v. Niemeyer*, 100 Mo. 207.   (2) Nor can this right be denied because the interests of third parties have supervened.

GANTT, P. J.—This was a proceeding under section 2217, Revised Statutes, 1889, by Marcus E. Bagley to set aside a judgment for taxes under which his land had been sold.   At the sale of the land, the appellant, Sligo Furnace Company, was one of the purchasers, without notice of the irregularity alleged.   The causes alleged by the petitioner for setting aside the judgment were that he had paid the taxes for which judgment was rendered, and that the tax book had never been certified, as required by section 6723, Revised Statutes, 1879.   The defendant, Sligo Furnace Company, was

made a party to the suit by Bagley, and filed its answer setting forth that it had bought the land in good faith, believing that the judgment was regular and valid in every respect, and that it would get a good title by such purchase, and that it had no knowledge of any of the facts alleged in the petition. The evidence sustained the plea of the Sligo Furnace Company.

The court refused the declarations asked by the Sligo Furnace Company, that the petitioner was not entitled to any relief against it, but gave a declaration on its own motion, number 3, hereafter copied, and rendered judgment setting aside the judgment for taxes. The court found that the defendant, in the tax suit, was notified of the action by publication and never appeared thereto. It also found that he had paid the taxes that were sought to be recovered in said action, and that the tax book upon which said tax was entered was not certified as required by law. It, therefore, ordered and adjudged that the said judgment be set aside, and that the petitioner be allowed to answer in said cause. It is further found by the court that the Sligo Furnace Company and Thomas R. Gibson were the purchasers of the land described in plaintiff's petition under said judgment for taxes, *and that they purchased said land without any actual knowledge of the causes herein specified for setting the same aside.* Wherefore said judgment by default was by the court set aside, and leave was given to the said Marcus E. Bagley to file answer.

The court gave this instruction as indicating its views of the law:

"3. The court declares the law to be that in this proceeding the validity of the title of Sligo Furnace Company to the land sold under the judgment sought to be set aside *can not be inquired into or passed upon,* but that said Sligo Furnace Company has, by virtue of its purchase, the right to make any defense which the

plaintiff in the judgment has to the granting of the prayer of the petition, and the further right, in the event the judgment should be set aside and the defendant permitted to answer, to prosecute the original suit to final judgment."

To which action of the court in giving said declaration on its own motion, the said Sligo Furnace Company, by counsel, objected and excepted at the time.

Whereupon the said Sligo Furnace Company prayed for the following declarations of law:

"1. The court declares that if, under the evidence, it appears that the respondent, Sligo Furnace Company, was an innocent purchaser under the sale under the judgment sought to be set aside, then the petitioner is not entitled to any relief against the respondent, Sligo Furnace Company.

"2. The court further declares that under the evidence in this cause the petitioner is not entitled to any relief, and judgment will be for the respondent."

Both of these declarations were refused by the court; to which action of the court in refusing each of said declarations of law the said Sligo Furnace Company, by its counsel, objected and excepted at the time.

We do not see how the appellant is aggrieved. The title it acquired under the tax judgment was not in issue in this case. The sole question was whether the judgment to which it was not a party should be set aside. Had the court found that it had notice of the irregularities, it might have been concluded thereby in the suit for the land, but as no adverse finding was made against it, the mere setting aside of the judgment could not injuriously affect its title. *Jones v. Driskill*, 94 Mo. 191; *Schmidt v. Niemeyer*, 100 Mo. 207; *Gibbs v. Southern*, 116 Mo. 204; *Reeve v. Kennedy*, 43 Cal. 649; *Stokes v. Geddes*, 46 Cal. 17. No costs were adjudged against defendant, and none could have been.

Our conclusion is that upon the finding made, the judgment in the tax suit must necessarily be for the defendant, and that it is not aggrieved and for these reasons the judgment is affirmed.    All concur.