LACY *et al.*, *Appellants*, v. PIXLER *et al.*

Division One, February 19, 1894.

120   383
d151  452
120      383
96a  4516

1. **Infant**: MISREPRESENTATION: ESTOPPEL. The fact that an infant represented himself to be over twenty-one years of age at the time of his execution of a mortgage can not avail a defendant in ejectment on the issue of estoppel where the defendant does not claim title through the mortgage.

2. ———: DISAFFIRMANCE OF DEED: LIMITATIONS. Mere silence or inaction will not prevent an infant from disaffirming his deed unless continued for a sufficient time to constitute a bar under the statute of limitations.

3. ———: ———. An affirmance of the deed may however be inferred from an affirmative act of the infant, after attaining his majority, which is inconsistent with an intention to disaffirm.

Lacy v. Pixler.

4. ———: ———: RETURN OF CONSIDERATION. Where an infant, at the time of becoming of age, has the money or property he received in consideration of the deed, he must return the same before he will be permitted to disaffirm the contract.

5. ———: ———: ———: INSTRUCTION. Where however there is no evidence tending to show such possession on his part of the consideration for the deed, an instruction that his failure to return it will defeat his recovery of the land is erroneous.

*Appeal from Andrew Circuit Court.*—Hon. C. A. ANTHONY, Judge.

REVERSED AND REMANDED.

*Simmons, Keller & Castle* for appellants.

(1) Plaintiffs' motion to strike out defendants' answer should have been sustained. *Schenck v. Stump,* 6 Mo. App. 381; *Mueller v. Kæssman,* 84 Mo. 318; *Carpenter v. Carpenter,* 45 Ind. 142; *Huth v. Co.,* 56 Mo. 202; *Thomas v. Pullis,* 56 Mo. 211; *Peterson v. Laik,* 24 Mo. 541; *Simms v. Everhardt,* 102 U. S. 312; *Wells v. Seixas,* 24 Fed. Rep. (N. Y.) 82; 1 Pars. on Cont. 317; 2 Kent's Com. [12 Ed.], 241; *Keen v. Coleman,* 39 Penn. 299; *Price v. Jennings,* 62 Ind. 111; *Wirland v. Kobick,* 110 Ill. 16; *Baker v. Stone,* 136 Mass. 405; *Conrad v. Lane,* 26 Minn. 389; *Youse v. Norcum,* 12 Mo. 550. (2) The mortgage from Lacy to Grubb should not have been introduced. (3) Plaintiffs' first, second and sixth instructions should have been given. (4) The instruction given by the court of its own motion did not embody the law, and should not have been given. *Swager v. Lehman,* 63 Wis. 399; *Bartlett v. Kauder,* 97 Mo. 356; *Barrett v. Johannes,* 70 Mo. 439; *Schenck v. Stump,* 6 Mo. App. 381; *Mueller v. Kæssman,* 84 Mo. 318; *Buchannan v. Reed,* 95 Ind. 1; *Carpenter v. Carpenter,* 45 Ind. 142; *Miles v. Lingerman,* 24 Ind. 385; *Conrad v. Lane,* 26 Minn. 389; Herman

on Estoppel, sec. 1120, 1121, n. 3·; Bigelow on Estoppel p. 594.   (5) Defendant's instructions numbers 2 and 3 should not have been given.   *Carpenter v. Carpenter,* 45 Ind. 142; *Pitcher v. Lacock,* 7 Ind. 398; *Miles v. Lingerman,* 24 Ind. 385; *Briggs v. McCabe,* 27 Ind. 327; *Chandler v. Simmons,* 96 Mass. 508; *Cressenger v. Welch,* 150–156; *Beddinger v. Wharton,* 27 Gratt. (Va.) 857; *Green v. Green,* 69 N. Y. 553; *Kurr v. Bell,* 44 Mo. 120; *Dawson v. Helms,* 30 Minn. 107; *Eureka Co. v. Edwards,* 45 Am. Rep. 314; *Gillespie v. Baily,* 12 W. Va. 70; *Craig v. Van Bebber,* 100 Mo. 584.

*Heren & Ensor* for respondents.

BLACK, P. J.—This was an action of ejectment brought by Thomas L. Lacy and his wife, to recover eighty or ninety acres of land.   Thomas W. Lacy died testate in 1882, and by his will devised the land in question to his wife Elizabeth for her life, and at her death to his son Thomas L. Lacy, a plaintiff in this case. On the twenty-fourth of February, 1883, Thomas L. Lacy and his mother made a mortgage upon the land to James Grubb to secure their note to him for $400 due in September, 1884.   Thereafter and on the seventeenth of April, 1883, Thomas L. Lacy and his wife and mother conveyed the land to Eliza Dickin, and she conveyed to the defendant Hayzlett in May, 1884.   By this suit the plaintiffs seek to disaffirm and avoid this deed from them and Elizabeth Lacy to Eliza Dickin on the ground that the plaintiffs were minors when they executed it.   Anticipating this claim, the defendants, Charles Pixler and Samuel Hayzlett filed long separate answers setting up various matters as an estoppel.   The plaintiffs moved to strike out this defense, but the court overruled the motion, and they excepted and now complain of that ruling.

The defendants in their answers set out the mortgage and deeds before mentioned, and a conveyance of the land by Hayzlett to Charles King and from him to the defendant Pixler.     It is also stated that Charles L. Lacy represented himself to be twenty-one years of age at the time he signed the mortgage to Grubb and thereby induced Grubb to take the mortgage; that the plaintiff made like representations when he and his wife and mother made the deed to Mrs. Dickin; that the deed to Dickin was made subject to the mortgage to Grubb; that Hayzlett assumed and agreed to and did pay the mortgage debt and Pixler is in possession. It is also alleged "that the plaintiffs herein have, during all the time of these several conveyances, from the making of said deed of trust or mortgage, April 17, 1883, to the bringing of this suit, November 13, 1890, stood by with knowledge and full notice that said lands were being claimed, sold and conveyed as aforesaid upon the good faith of his deeds as aforesaid, and without asserting any right, title or interest in and to the said lands aforesaid until the bringing of said suit as aforesaid."

There is much conflict in the authorities upon the question whether an infant will be estopped from avoiding his deed where he has induced the grantee to accept it by representing himself to be of age.   We do not think it necessary to express any opinion upon this question; for while the answers do set up false representations made by Thomas L. Lacy as to his age when he executed the mortgage and deed, still these averments must be taken in connection with the averment that he stood by and allowed the subsequent transactions to be made without asserting or claiming any interest in the land.   If he made these alleged representations the greater became his duty, certainly, after he became twenty-one, to assert his claims when he

saw other persons purchasing the land. The answers are open to some criticism, and probably to a motion to make them more specific and definite in some respects, but we think they are sufficient to let in proof of facts which would operate as an estoppel. The court did not, therefore, err in overruling the motion to strike out.

The plaintiffs produced several witnesses who testified in very positive terms that Thomas L. Lacy was born in April, 1863, according to which he did not reach the age of twenty-one until April, 1884, a year after the date of the deed; and his wife was then only fifteen years old.

The evidence for the defendant is to the following effect: Grubb rented the land in 1882, and in the spring of 1883 sold his team, wagon and plows to Thomas L. Lacy and received in payment therefor and for the unexpired lease the $400 note secured by the mortgage. Thomas L. Lacy told Grubb at that time that he was of age and offered to make oath to the fact. The fact that he said he was of age at that time is not denied by any evidence of the plaintiffs. There is no evidence that the boy made any representation as to his age when he executed and delivered the deed to Mrs. Dickin. On the contrary, one witness says she told Mr. Dickin, the husband of the grantee in the deed, that the boy was not of age, and there would be trouble if he purchased the land. It appears Thomas L. Lacy moved about from place to place from the date of that deed to the commencement of this suit, but never resided nearer than seven miles to the land. It does not appear that he knew anything about the execution or delivery of the other deeds mentioned in the answers.

On this evidence the court gave instructions on the subject of estoppel, and in this it erred; for there was

no evidence to support such a defense. The evidence that the boy represented himself to be twenty-one when he executed the mortgage can be of no avail to the defendants on the issue of estoppel, because the defendants do not claim title through or under that instrument, and so the trial court ruled. The other evidence shows five or six years' delay in bringing this suit and that is all it does show. There is a line of cases which hold that a minor must affirm his deed within a reasonable time after he attains majority. On the other hand many courts hold that he may exercise his right to disaffirm the deed at any time within the period of the statute of limitations, after majority, there being no ratification.

We are relieved from any extended examination of this question by the former adjudications of this court. It was held in *Huth v. Carondelet, etc., Co.*, 56 Mo. 202–209, that mere silence or inaction will not prevent an infant from disaffirming his deed, unless continued long enough to constitute a bar under the statute of limitations. But an affirmance may be inferred from an affirmative act of the infant, after reaching majority, which is inconsistent with an intention to disaffirm; as receiving rents on a lease, receiving a part of the purchase money, or conveying a part of the land received in consideration for the deed. *Ferguson v. Bell's Adm'r*, 17 Mo. 347; *Thomas v. Pullis*, 56 Mo. 219; *Sims v. Everhardt*, 102 U. S. 312; *Gillespie v. Bailey*, 12 W. Va., 70. The instruction given by the court of its own motion and the second given at the request of the defendant should have been refused.

The court at the request of the defendant gave an instruction to this effect: That if the plaintiff received the consideration mentioned in the deed of April 17, 1883, and retained the same after he was twenty-one years of age, and then had and kept the same, he could

not recover, as no offer has been made to return such consideration. If an infant has, when he attains majority, the money or property which he received in consideration for his deed or contract, he must return the money or property still held by him, before he will be allowed to disaffirm the contract. We so held in the case of *Craig v. Van Bebber*, 100 Mo. 584. This instruction, therefore, states the law correctly in the abstract, but it should not have been given in this case, because there was no evidence upon which to base it. There was no evidence tending to show that plaintiff had or held, in 1884, any money or property received for the deed. Indeed this record does not show that he received any consideration for it.

As this case stood at the close of the evidence the only question was whether the boy was twenty-one years old when he executed the deed. In saying this, we speak of the case as it is presented here by the present record. The judgment is reversed and the cause remanded. BARCLAY, J., absent. The other judges concur.