## LASOYA OIL CO. v. ZULKEY.

No. 4083.    Opinion Filed January 13, 1914.

Rehearing Denied April 28, 1914.

(140 Pac. 160.)

1.    GUARDIAN AND WARD—Invalid Lease by Guardian—Ratification by Ward. Where a corporation leases a minor's land from her guardian for oil and gas purposes, paying therefor to the guardian, for the use of his ward, $40 per acre bonus and an eighth royalty, and at the same time and as a part of the same consideration pays to the guardian, for his own use and benefit, $20 per acre for the improvement on the land, claimed by the guardian to be his property, when in fact such improvements were purchased with the money belonging to the ward, the ward may maintain an action against such corporation for a cancellation of the lease. But where such action is commenced by the ward after majority, and she sets out in her petition all of the facts relative to the fraudulent transaction between the corporation and her guardian, and verifies the same, and where such ward is a person of ordinary intelligence, if thereafter she volun-

tarily makes final settlement with her guardian, receiving from him valuable property and money, knowing said property and money to be the proceeds of such lease, such settlement is a ratification of the lease.

2. **TENDER**—Binding Effect. The party making a tender in the trial of a cause for the purpose of doing equity is bound by such tender.

(Syllabus by the Court.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by Ada A. Zulkey against the Lasoya Oil Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*George S. Ramsey, W. E. Woodcock, Virgil Hicks,* and *C. L. Thomas,* for plaintiff in error.

*Charles Richardson, E. R. Perry,* and *Stuart, Cruce & Gilbert,* for defendant in error.

LOOFBOURROW, J. In 1901 Ada, Minnie, Alexander, and Leroy Zulkey, minor children of Mark F. Zulkey, were the owners of four contiguous allotments in the Cherokee Nation. Mark F. Zulkey, the legal guardian of said minors, with the approval and under the direction of the United States District Court of the Northern District of the Indian Territory, leased said allotments to the Lasoya Oil Company for oil and gas purposes; the consideration stated in the lease being $40 per acre bonus and an eighth royalty, said lease running for a period of fifteen years. The said lease was negotiated by John P. and James H. Elkin, stockholders in said oil company, and as a part and parcel of the same transaction the said oil company agreed to pay Mark F. Zulkey the sum of $20 per acre for his own use and benefit, he representing that the improvements on said allotments were placed there at his own expense and labor; but it is shown by the evidence that the improvements were, in fact, the property of the minor children. The Lasoya Oil Company paid to Mark F. Zulkey the $40 per acre bonus for the children and the $20 per acre bonus for his own use and benefit, and have drilled 22 wells upon the tract of land belonging to Ada A.

Zulkey; nine of these wells being dry holes, and the others small producers. A short time after Ada A. Zulkey became of age she commenced this action to cancel the lease, alleging that the same was obtained by fraud and collusion of said oil company and her guardian, and that the true consideration for the lease was $60 per acre bonus and an eighth royalty, and that they had knowingly and fraudulently paid Mark F. Zulkey, her guardian, $20 per acre for his own use and benefit. The petition sets out fully all of the facts relative to this transaction, and the same is verified by Ada A. Zulkey. The Lasoya Oil Company denies the alleged fraud, and alleges its own utmost good faith in obtaining the lease, and further alleges that Ada A. Zulkey has, by her acts and conduct, ratified said lease since she became of age. The case was tried to the court, who found that the lease was obtained by fraud, and that Ada A. Zulkey is entitled to the possession of the land and cancellation of the lease, and entered judgment accordingly. There are several assignments of error urged, but the question of ratification is the only one necessary to consider in this case.

The evidence discloses that the money received by Mark F. Zulkey as guardian, under this lease, the bonus and royalty, were by said guardian, under the directions of the county court of Craig county, invested in property consisting of two lots and a ten-room house in the town of Chelsea; that after Ada A. Zulkey became of age, and after this suit was commenced, she voluntarily made a settlement with her guardian in the county court, receiving from him the said house and lots and about $800 in money. She testified that she knew that this property and money were the proceeds of this lease at the time she made the settlement; that she accepted the same, signed a receipt therefor, and settled in full with her father as guardian.

The acts and conduct of said ward were a ratification of the lease. For authorities holding that where a ward, after attaining majority, accepts the proceeds and benefits arising from a voidable transaction with reference to her estate, such ward is estopped to deny the validity of the transaction, see the following cases:

In *Young v. Walker,* 70 Miss. 813, 12 South. 546, it is held:

"Where a ward, after attaining her majority, compels her guardian to account for and pay to her the money received by him on a sale of land set apart to her in a partition suit, she is estopped to afterwards question the partition."

In *Handy v. Noonan,* 51 Miss. 166, it is held:

"An acceptance by the heir or ward after attaining majority, of the purchase money of land sold under a void decree, is a confirmation of the sale in the sense and to the extent of working an estoppel in equity against an assertion of the legal title."

In the case of *Huth v. Carondelet Marine Railway, etc.,* 56 Mo. 203, it is held:

"Where one who has made a conveyance during infancy, after becoming of age, does some act which is totally inconsistent with an intention to disaffirm, as receiving rent on a lease made in his infancy after he becomes of age, an affirmance may be inferred from such act, without regard to the lapse of time which has intervened after majority."

In the case of *J. O'Conner v. Carver et al.,* 12 Heisk. (Tenn.) 436, it is held:

"Where land was sold to pay debts of an estate, under a decree of the county court upon a petition   *   *   *   in the names of J. O'C., administrator, and the two heirs, minors, appearing by their next friend, J. O'C., *held,* that the sale was void as against the minors, their interest being antagonistic to that of the administrator, who had virtually assumed to act for them against himself." (See cases cited therein.)

"But the survivor   *   *   *   (who succeeded to the interest of the other) having, upon reaching her majority, advisedly settled with J. O'C. (also her guardian), and received, together with other money, the residue in his hands of the proceeds of the land, *held,* that her conduct under the circumstances amounted to a ratification of the sale."

In *Lacy v. Pixler,* 120 Mo. 388, 25 S. W. 207, the court said:

"An affirmance may be inferred from an affirmative act of the infant, after reaching majority, which is inconsistent with an intention to disaffirm; as receiving rents on a lease, receiving a part of the purchase money, or conveying a part of the land received in consideration for the deed"

—citing *Ferguson v. Bell,* 17 Mo. 347; *Thomas v. Pullis,* 56 Mo.

219; *Sims v. Everhardt,* 102 U. S. 312, 26 L. Ed. 87; *Gillespie v. Bailey,* 12 W. Va. 70, 29 Am. Rep. 445.

In *Bevis v. Heflin,* 63 Ind. 129, a guardian, during his ward's minority, sold her estate. The law required him to sell for cash only, but he took, as a part payment from the purchaser, his own promissory note. It was held that the sale was invalid as against the ward; but it was further held that a recovery by the ward against the guardian and his sureties for the amount of such sale constitutes *prima facie* a ratification of the act of the guardian.

In the case of *Penn v. Heisey,* 19 Ill. 295, 68 Am. Dec. 597, a certain town lot belonging to an estate was sold under the authority of the laws of the state of Illinois by the guardian of infant children, but no report of the sale was made to the court, and no order entered confirming it. Such sales are void, and no title passes to the purchasers. The court found that the plaintiff established the fact that the proceeds of said void sale were used to purchase other lands, and the land so purchased by the guardian was sold for a large sum of money, and the heirs received the full benefit of such sale. The court said:

"It is a principle that, though in general estoppels are odious, as preventing a party from stating the truth, yet they are favored when they promote equity. * * * The application of this principle does not depend * * * upon any supposed distinction between a void and a voidable sale. If the sale be the one or the other, receiving the money, or its proceeds in other valuable property, with a knowledge of the facts, touches the conscience of the party, and therefore establishes the right of the party claiming under such sale, in one case as well as in the other."

After the Lasoya Oil Company closed its case, said company, by its attorney, tendered into court and offered to confess judgment in favor of Ada A. Zulkey for the amount which it had paid to Mark F. Zulkey for improvements on her lands, to wit, the sum of $2,000, together with interest thereon from the date of the lease, and declared its willingness under all circumstances and under any aspect of the case to do plaintiff absolute justice and equity. It is bound by such tender. 38

Cyc. 163. A tender is ordinarily an admission of an amount due equal to the sum tendered. See numerous authorities cited in note 59.

The judgment of the trial court is reversed, and rendered in favor of Ada A. Zulkey in the sum of $2,000, together with interest thereon from the date of the lease.

All the Justices concur.