**BRUCE et al. v. COSDEN OIL & GAS CO. et al.**

No. 16048—Opinion Filed Jan. 26, 1926.

Opinion Withdrawn, Corrected and Refiled, and Rehearing Denied Feb. 16, 1926. Order Denying Rehearing Vacated Feb. 23, 1926. Defendants' Petition for Rehearing Denied March 2, 1926. Plaintiffs' Petition for Rehearing Denied May 4, 1926.

1. **Guardian and Ward—Guardian Sale of Oil Lease—Misdescription of Land.**

The use of a description as the N.W.¼ of section 34, twp. 15N., range 12 E. located in Creek county, in a probate proceeding for the sale of an oil and gas lease thereon, cannot be claimed and treated as the sale of an oil and gas lease on the S.E.¼ of section 33, twp. 15N., 12E., situated in Okmulgee county, on the ground of a mistaken description, where none of the sale proceedings refer to the latter description.

2. **Same—Ratification of Lease by Acceptance of Benefits After Ward's Majority.**

An adult who accepts the benefits of an oil and gas lease executed and delivered by her guardian, through probate sale proceedings, during the minority of the plaintiff, where the recorded lease properly describes plaintiff's land, thereby ratifies and adopts the conveyance as her individual conveyance and lease, if the benefits are accepted with full knowledge of the circumstances and conditions of the transaction resulting in the lease, provided the plaintiff could have executed a valid conveyance at the time she accepted the benefits from the lease.

3. **Same—Burden of Proof of Ratification.**

The defendant must plead the acts of the plaintiff, after she becomes of age, upon which he intends to rely, for the affirmance or adoption of an oil and gas lease executed by the guardian of the plaintiff during her minority, as the conveyance of the plaintiff.

4. **Disposition of Cause.**

Record examined; held, to be sufficient to support judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Jas. Hepburn, Judge.

Action by Clarieta Bruce et al. against the Cosden Oil & Gas Company et al Judgment for the defendants, and plaintiff's bring error. Affirmed.

Jay A. Anderson and Herbert E. Smith, for plaintiffs in error.

Chas. A. Dickson, J. C. Denton, J. H. Crocker, and R. H. Wills, for defendants in error.

Opinion by STEPHENSON, C. Clarieta Bruce, nee Jackson, was enrolled as a Creek freedwoman, and the S.E.¼ of section 33, twp. 15N., range 12E., was allotted to her as her distributive share of the tribal lands. The N.E.¼ of section 34, twp. 15N., range 12E., was allotted to the sister of Clarieta. J. H. Thigpen, who was engaged in the practice of law at Eufaula, was appointed guardian of the person and estate of Clarieta Bruce, nee Jackson, and her sister. The guardian filed a written application in the county court of Wagoner county, wherein he set forth that Clarieta Bruce, nee Jackson, was enrolled as a Creek freedwoman

and received her allotment. The petition then proceeded to describe the N.W.¼ of section 34, twp. 15N., range 12E., and prayed the court for authority to sell an oil and gas lease upon said lands for Clarieta Bruce, nee Jackson. The sale was authorized, confirmed, and the lease sold and delivered upon the lands described in the petition to D. W. Rainey on December 31, 1912. The order of confirmation described the N.W.¼, and the recorded lease described the land as the S.E.¼ of section 33. Interests in the lease were assigned to various parties in the course of time, who are defendants in this action. The two allotments at the time of the sale were situated in undeveloped territory, and had but little apparent potential value for oil and gas.

J. H. Thigpen received rentals on the lease for Clarieta Bruce, nee Jackson, and gave his receipt as guardian, wherein the true description of her allotment was made. The lessee received a transcript of the probate proceedings, wherein the allotment of this plaintiff was described. The petition, confirmation, and a copy of the lease, which were part of the probate proceedings and records of the guardianship case, described the lands allotted to the plaintiff's sister. It is the contention of the plaintiff that the probate proceedings undertook to sell an oil and gas lease upon the lands of her sister and not upon her own allotment; that the purported probate proceedings were null and void and conveyed no interest from the plaintiff in her allotment. The plaintiff did not contend that fraud was practiced by the lessee or her guardian in the attempted probate sale. There is no contention made by the plaintiff that the consideration paid for the lease was disproportionate to the value of a lease on her allotment. The assignees of the lessee went into possession of the allotment of the plaintiff described as the S. E. ¼, section 33, twp. 15 N., range 12 E., and developed oil production in paying quantities on the S.E.¼ of S.E.¼, section 33.

The plaintiff became of age on February 6, 1923, and commenced her action in this cause on February 8, 1923, to quiet title to her allotment and for an accounting between plaintiffs and the defendants, who were assignees under the Rainey lease, for the oil produced and sold from her allotment.

The plaintiff, after the institution of the suit, conveyed her allotment to Green Bruce and E. P. Thompson as trustees. The trustees were authorized to conduct and manage this suit and litigation for the interest of Clarieta. The plaintiff joined by her hus-band, Green Bruce, on March 5, 1923, executed and delivered a written assignment of one-half royalty interest covering the lease involved in this action to the Commercial National Bank of Muskogee. The assignors delivered to the Cosden Pipe Line Company a transfer order authorizing the latter to pay one-half of the value of the royalty oil produced and saved from the premises to the Commercial National Bank. Clarieta Bruce, nee Jackson, joined by her husband, Green Bruce, on June 21, 1923, sold and assigned one-half of the royalty in and to the oil produced and saved from the premises to Robert V. Anderson, and delivered to the Cosden Pipe Line Company a transfer order in favor of the assignee for the oil runs produced and saved from the premises in accordance with the written assignment. Clarieta Bruce, nee Jackson, filed her amended petition, wherein she was joined by E. P. Thompson and Green Bruce as her duly appointed trustees. The amended petition was filed in the cause on May 29, 1923, wherein the several matters herein stated were set forth, and a copy of the trust deed attached to the petition.

The trial of the cause resulted in a judgment for the defendants. The plaintiffs have appealed the cause, and assign several of the proceedings had in the trial of the cause as error for reversal here. The main proposition assigned for reversal is: That the judgment of the court in favor of the defendants is contrary to the law and the evidence.

The defendants submit the proposition that the description, as used in the sale proceedings and in the lease, resulted in an oil and gas lease which could be made effective in a court proceeding, in favor of the original lessee, on the S.E.¼ of section 33, twp. 15N., range 12E. The Cosden Oil & Gas Company claims the oil and gas rights in the W.½ of the S.E.¼, section 33, twp. 15N., range 12E., through the sale proceedings and lease. The other defendants claim the oil interest in the E.½ of the same quarter section through the sale proceedings. The guardian who conducted the probate proceedings died before the institution of this suit; the county judge who conducted the sale proceedings also died prior to this action.

The petition for the sale of the oil and gas lease contained the following recital:

"That Clarieta Jackson is a minor and duly enrolled citizen of the Creek Nation, and that she had allotted to her and has received as her allotment in the Creek Nation, and now owns in fee simple the following described lands."

Then followed a description of lands as the N.W.¼ of section 34, twp. 15N., range 12E. The attorneys for the defendants in error, in oral argument, made the point that the allegations of the petition for the sale of an oil and gas lease described the land to be leased as the allotment of the plaintiff in error; that the particular description was in error and did not describe the land referred to in the general description.

We think the language used is not susceptible of the construction contended for by the defendants. The land to which the court's attention was directed was that particularly described as the N.W.¼ of section 34. It is likely that the guardian, who was an attorney, prepared the sale proceedings, and knew of his own personal knowledge which subdivision of the two sections constituted the allotments of the plaintiff and her sister. The guardian no doubt relied upon his memory for the proper description of the plaintiff's land in the preparation of the sales proceedings. A copy of the sale proceedings delivered to the lessee contained the description of the plaintiff's allotment as the S.E.¼ of section 33. The lease recorded also properly described the plaintiff's allotment. However, the petition, confirmation, and copy of the lease, in the court files of the guardianship cause, described the land as the N.W.¼ of section 34, twp. 15N., range 12E. There is no fraud charged against any of the parties to this action, or against the guardian in relation to the sale of the oil and gas lease. It is likely that the guardian discovered his error at the time he made the copies of the sales proceedings and changed such copies so as to describe the plaintiff's allotment, and intended to correct the original court records accordingly. The guardian might have corrected the original proceedings to describe the land properly, as this sale proceeding was had before this court prescribed the rules and procedure for the sale of an oil and gas lease. The act of the guardian in accepting renewal payments for the lease lends color to this conclusion, as he gave written receipt describing the allotment of the plaintiff. D. W. Rainey, the lessee, in the sales proceedings testified that it was his intention to buy a lease upon the allotment of the plaintiff, and that he thought he was receiving a lease upon the allotment of the plaintiff.

The petition for the sale of the interest of a minor in and to real estate must contain a description of the land sought to be sold, or to be charged with the conveyance, or refer to some instrument containing a description of the land. The petition in this case does not refer to the plaintiff's allotment, or to any writing containing a description of the land allotted to the plaintiff. The defendants refer to the recorded lease as the original lease, and submit as a matter of law that this court should presume that the change in the description was made before its delivery. It may be true that the description was changed in the lease before it passed out of the guardian's hands to the lessee (and we are inclined to think it is true), but this presumption does not get away from the fact that the petition and confirmation do not describe plaintiff's allotment.

The petition and order of confirmation must contain, at least, a general description, sufficiently definite to enable the court to identify the land by referring to competent, extrinsic evidence. We think it cannot be said that the petition in the sales proceedings described the lands intended to be leased as the allotment of the plaintiff. If this be true, then the description as used cannot be treated as a particular description, and disregarded, because in conflict with the general description. We think the sales proceedings as shown by the record resulted in a void lease as applied to the plaintiff's own allotment. Hill v. Wall, 66 Cal. 130, 4 Pac. 1139; Northern Ry. Co. et al. v. Jordan (Cal.) 25 Pac. 273; Hazelton v. Bogardus, 8 Wash. 102, 35 Pac. 602; Mackenchney v. Temple Lumber Co. (Tex.) 197 S. W. 751.

The defendants pleaded the assignment of the plaintiff of her royalty interest in the oil and gas lease on record, which described her allotment, as a ratification and adoption of the conveyance on record as her individual lease.

The Cosden Oil & Gas Company did not own the lease covering that part of plaintiff's lands where the oil well is situated and producing oil in paying quantities. The lease upon which the well is situated is owned by the other defendants. The substance of plaintiff's contention in her suit is, that it was the intention of the court to lease her sister's land, but by mistake her name was used as the owner of the land sought to be leased. The defendants, on the other hand, insist that it was the intention to lease the plaintiff's allotment. The plaintiff had commenced her suit and was fully advised of the conditions involved in the sale, and of the lease on record which described her land. The defendants had moved on to her allotment without protest from her or her guardian, and develop-

ed oil production in 1922 on the S.E.¼ of the S.E.¼ of section 33. The plaintiff became of age on February 6, 1923, and instituted her suit on the 8th day of the same month. The assignments of the royalty interest and division orders relating to the lease and production from the well in question were executed in March and June following. The plaintiff was fully advised of all the facts and circumstances at the time she made the assignments in question, and was advised, no doubt, of the contentions of the defendants.

The defendants contend that in view of section 5247, C. O. S. 1921, the acts of the plaintiff in making the assignments after having full knowledge and possession of the facts, resulted in the affirmance or adoption of the recorded lease as her individual conveyance. The case of Perkins v. Middleton, 66 Okla. 1, 166 Pac. 1104, presented a question of ratification or adoption, very similar to the one involved in this appeal. The guardian of Eva and May Middleton, during their minority, sold both allotments of the minors. The purchasers sold the lands and the title had passed into the hands of innocent purchasers. During the minority of Eva Middleton, and after May Middleton had become of age, the allottees commenced their action for damages against the original purchasers, on the ground that the sale was a fraud against the rights of the minors, and resulted in damage and injury to their property rights. The allottees in their action set forth that the land was not in fact sold, but merely given in exchange with Perkins, for real estate owned by the latter. May Middleton executed her mortgage upon the land received from Perkins at or near the time she commenced her action. This court held in the appeal that the sale was void, but was susceptible of ratification or adoption by the minor after attaining her majority, if she acted with full knowledge of the conditions.

The case of Capps v. Hensley, 23 Okla. 311, 100 Pac. 515, is almost similar to the instant case. Capps leased his ward's land for a given sum without authority of law. The lease was void for the want of power upon the part of the guardian to execute and deliver the lease. The ward died and the guardian inherited the land which had been leased. Thereafter, the guardian received rentals paid to him pursuant to the terms of the lease. In relation to the lease the court said:

"In the case at bar the infant could not have made this contract so that it would be binding as against herself, by reason of lack of competency or power. The rights of majority had not been conferred nor had they been attained. Hence, she was not competent under the law to deal in this way with her landed estate. Neither could the natural guardian deal with this estate, for that the power had not been vested, and in either event a contract of this character, made by the infant or by the natural guardian, would be voidable or void at the instance of the infant, because of the want of power to make it. There was nothing fraudulent in the contract. There was nothing illegal nor against public policy in it. The subject-matter and the entire transaction was one recognized by law, and the only defect was the existing lack of power in the party acting for the infant to effectuate an enforceable obligation."

The guardian who inherited the land was held to have adopted the lease by accepting the rents, for the reason that the minor could have done likewise after attaining majority. The court in relation to this phase of the question used the following language:

"We think there can be no doubt but that had the infant in this case survived, and had she attained her majority, during the term of this contract, and had she received the money under it just as her father did, it would have amounted to an adoption or affirmance of it."

The court observed in the Capps Case that the lease involved was one that the minor could have made after she attained her majority. Therefore, the minor could adopt the lease as her own conveyance by her acts and conduct after attaining her majority. The court further said:

"If she could make it, then there is no doubt in our minds about her power to adopt it, or affirm it, should she so elect. And the same power over this property and contract which the infant would have possessed after attaining her majority had she lived, on her death could be exercised by the father to the extent of his estate after he came into possession of it."

The case of Lasoya Oil Co. v. Zulkey, 40 Okla. 690, 140 Pac. 160, is also in point. The ward in the latter case commenced her action after attaining her majority for the cancellation of the lease. Thereafter, the plaintiff voluntarily made a final settlement with her guardian, receiving proceeds from the lease for the cancellation of which she had already commenced her action. The court held that the act of receiving a portion of the proceeds from the sale of the lease, with full knowledge of the conditions concerning the lease, operated to affirm the lease on the part of the plaintiff. The act

of the plaintiff in the instant case in making the assignments of the royalty under the lease, and giving division orders for the oil flowing from the well upon the leased premises, is similar to the conduct of the plaintiff in the Lasoya Oil Co. Case. The plaintiffs in both cases were confronted with the proposition that they were possessed with full knowledge of the facts and circumstances concerning the conveyance sought to be canceled, as they voluntarily took the benefits from the conveyances, after suits were commenced to cancel the instruments.

The question of ratification or adoption of a conveyance was again before this court in the case of Carlile v. Natl. Oil & Development Co., 83 Okla. 217, 201 Pac. 377. The court held the lease to be void, but found that the acts of Carlile resulted in affirming or adopting the conveyance. In deciding the question of affirmance or adoption in the Carlile Case, after referring to the cases we have cited, the court said in the course of the opinion:

"In all of the cases referred to, however, the parties were denied relief because they had accepted the benefits of the contract, whether void or voidable, with full knowledge of the facts and at a time when the party so accepting was under the law fully competent and capable of contracting for himself. It therefore does not matter whether the transaction be referred to as an adoption, ratification, or estoppel, as the effect of these holdings taken together, is to prevent a party from asserting the invalidity of a contract when such party has accepted the benefits of the contract with the full knowledge of the facts." 108 Okla. 18, 234 Pac. 629.

The court further said in the consideration of the question of Carlile adopting the lease:

"There are two other propositions raised by the defendants in error yet to be disposed of. And that is the question raised by the answer and the supplemental answer, whereby it is alleged: First, that the plaintiff in error Levi Carlile, after he became of age and having the power to contract, ratified the extension of said lease by accepting the royalties and doing other acts confirmatory of said extension." 83 Okla. 217, 201 Pac. 377.

The plaintiff in the Carlile Case cashed the royalty checks, while in the instant case the plaintiff sold and assigned the royalty interest created by the lease.

It is very clear that Clarieta Bruce, nee Jackson, the plaintiff below, and plaintiff in error here, comes within the scope of the rules in relation to the question of ratifica-

tion, or adoption, as applied in the foregoing cases. Therefore, the judgment in favor of the defendants is without error and is affirmed.

By the Court: It is so ordered.

Note.—See under (1, 3) 28 C. J. p. 1208 §362 (Anno). (2) 28 C. J. p. 1208 §362 (Anno) ; 12 R. C. L. pp. 1142, et seq. (4) 4 C. J. p. 1184 §3218.